HURRICANE GOLD MINING CO. v. BRIGHT.

(Circuit Court of Appeals, Third Circuit. January 23, 1912.)

No. 50 (1,513).

CORPORATIONS (§ 308*)—OFFICERS—EMPLOYMENT—SALARY.

Plaintiff was secretary of defendant corporation from April 1, 1903, to January 1, 1910. On the first day the directors on motion agreed that the secretary should be paid a salary of $900 a year, payable monthly, the year to end January 1, 1904. The corporation then had a by-law providing that the directors should agree annually on the salary of each officer, etc. *Held* that, under the terms of the by-law, the directors had no power to fix the secretary's salary for any term exceeding one year, and, plaintiff having been elected a member of the board of directors March 4, 1903, his contract term expired January 1, 1904, and, never having been formally re-employed thereafter, he was only entitled to re-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cover on the contract for services rendered prior to January 1, 1904, and for services rendered subsequent to that date he could only recover on a quantum meruit.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 308.*]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Action by John G. Bright against the Hurricane Gold Mining Company. Judgment for plaintiff, and defendant brings error. Reversed.

Walter M. Lindsay (Clarence Burleigh and William A. Challener, on the brief), for plaintiff in error.

William M. Hall, for defendant in error.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

LANNING, Circuit Judge. The plaintiff in the lower court, John G. Bright, was secretary of the defendant. Hurricane Mining Company, from April 1, 1903, to January 1, 1910. On April 1, 1903, the board of directors of the defendant company passed a motion of which the minutes contain the following record:

"On motion, duly seconded, it was agreed that the secretary be paid a salary of $900 per annum, payable monthly; year to end January 1, 1904."

There was then in existence a by-law previously adopted by the stockholders, reading as follows:

"The board of directors shall agree annually on the amount of salary that each director and officer of the company and board shall receive per annum, and the company shall pay the same quarterly or monthly, which salary shall be a liberal and fair compensation for services rendered by each, respectively, but no exorbitant salary shall be allowed."

The board of directors never took any action concerning the secretary's salary, except that of April 1, 1903.

The plaintiff's statement of claim contains a count for $900 per year from April 1, 1903, to January 1, 1910, based on an express contract. The only express contract described is the above-quoted resolution of April 1, 1903. It also contains a common count on a quantum meruit for services rendered as secretary from 1903 to 1910. The larger part of the plaintiff's proofs at the trial related to the value of his services, and were offered in support of the common count. In his charge to the jury, however, the learned trial judge disregarded these proofs, and instructed the jury to return a verdict for the sum of $6,519.50. This he did on the theory that the plaintiff's services as secretary from April 1, 1903, to January 1, 1910, were rendered on an express contract for $900 per year. The same view was expressed in a written opinion on a motion, made after the return of the verdict, for the entry of judgment for the defendant non obstante veredicto. Judgment having been entered for the plaintiff on the verdict, we now have this view of the trial judge assigned as error.

Under the terms of the by-law, the board of directors had no power to fix the secretary's salary for any term exceeding one year. Espe-

cially must this be so in this case, since the record shows that the plaintiff was elected a member of the board of directors on March 4, 1903, and must, therefore, be presumed to have known, on April 1, 1903, the limitation put upon the powers of the board by the by-law. Nor do we think the resolution of April 1, 1903, exhibits any intention on the part of the board of directors to enter into a contract with the plaintiff beyond January 1, 1904. The annual election of directors by the stockholders took place on the first Monday in January. The purpose of the resolution, as we read it, was to have the plaintiff's term as secretary, and the contract with him, expire just previous to the annual election of directors in January, 1904, so that the board then elected should be free to make its own choice of a secretary and to fix his salary. It is a fact that the board did elect the plaintiff as secretary in January of each year from 1903 to 1910. His term, therefore, was always understood to be for one year. There could have been no contract with him for a longer term. His salary from April 1, 1903, to January 1, 1904, amounted to $675. Of that sum $550 has been paid. It follows that there is due to the plaintiff on the express contract $125, with interest from January 1, 1904.

If he can recover anything for the services rendered by him after January 1, 1904, it must be such sum as he may prove his services to have been reasonably worth. Whether the law of the state of Pennsylvania disallows recovery on that basis, and whether, if so, that law is binding here, are questions we need not now consider. It is sufficient for the present purpose to say that we disagree with the theory of the court below that the plaintiff had an express contract with the defendant company for his services extending from April 1, 1903, to January 1, 1910. It is clear, however, that the defendant company owes something to the plaintiff.

Our conclusion, therefore, is that the judgment should be reversed, with costs, and that the record should be remanded, with instruction to grant a new trial.